IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>        **Plaintiffs-Counterclaim-Defendants,**<br><br>v.<br><br>SOUTHWEST SURGERY CENTER, LLC, d/b/a Center for Minimally Invasive Surgery,<br><br>        **Defendant-Counterclaimant.** | )<br>)<br>)<br>)<br>)<br>) **Case No. 14-cv-08777**<br>)<br>) **District Judge John Robert Blakey**<br>)<br>) **Magistrate Judge Brown**<br>)<br>)<br>)<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO CMIS'S MOTION TO DISMISS

Plaintiffs-Counterclaim Defendants, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company ("collectively, "Cigna"), submit a recent decision of the United States District Court for the District of Maryland in *Connecticut General Life Ins. Co., et al. v. Advanced Surgery Center of Bethesda LLC, et al.*, No. 14-cv-02376-DKC (D. Md. July 15, 2015) (attached as Ex. A) as supplemental authority in opposition to the motion dismiss filed by Southwest Surgery Center, LLC, d/b/a Center for Minimally Invasive Surgery ("CMIS"). (Doc. #14).

    1.    In *Bethesda*, Cigna entities brought claims against Surgical Center Development, Inc. ("SurgCenter") and several affiliated ambulatory surgical centers ("ASC") based on factual allegations that are related to those in Cigna's complaint here. In both cases, Cigna alleges that out-of-network ASCs engaged in fraudulent "fee-forgiving" schemes whereby they charged patients little or nothing for out-of-network medical services, while charging Cigna exorbitant rates for those same services. The *Bethesda* matter involved the additional allegation that the

ASCs used a duel pricing scheme, whereby they billed Cigna plan members for coinsurance and deductibles based on Medicare rates for the services performed, while billing Cigna entities for significantly higher charges for the same services. (Ex. A at 6-7). The *Bethesda* court, among other things, denied a motion to dismiss Cigna's state-law claims, and several of its findings have particular relevance to CMIS's Motion to Dismiss in this Court.

2. The *Bethesda* court concluded that Cigna adequately pleaded claims for fraud and negligent misrepresentation based on the ASCs' "fee-forgiving" schemes. (Ex. A at 51-60.) The *Bethesda* court noted that Cigna had adequately alleged that the ASCs' claim forms were false and misleading because the "claim forms fail to mention their other cost-sharing reduction practice, which significantly lowered the amounts patients were required to pay." (*Id.* at 55.) The court upheld the fraud claim because if the Cigna entities had known "that patients were billed different underlying charges or that their coinsurance rates were reduced, they may have refused to pay these claims." *Id.* Likewise, Cigna here has alleged that CMIS sent Cigna false and misleading claim forms that overstated CMIS's charges and concealed CMIS's practice of forgiving patients' cost shares, and that in reliance on these fraudulent claim forms Cigna paid CMIS over $800,000 in money that was not due under the patients' Cigna-administered plans. (Cigna Cplt. (Doc. #1) ¶¶74-75).

3. The *Bethesda* court upheld Cigna's claim for unjust enrichment based on the ASCs' receipt of "inflated claim payments." (*Id.* at 61-62). Likewise, here Cigna has asserted a claim for unjust enrichment, alleging that CMIS was unjustly enriched by the benefits it received for treating Cigna plan members because no payments were due under the terms of the patients' plans. CMIS received payments under the plans, but they were obtained through the submission of fraudulent claim forms, and no payments were in fact due because the plan terms exclude

coverage where the provider has waived the patients' cost shares. (Cigna Cplt. (Doc. #1) Count II, ¶¶65, 67)).

4. Although the *Bethesda* court rejected the recoupment claim that Cigna asserted under ERISA, here Cigna has pleaded a valid ERISA recoupment claim. A claim fiduciary such as Cigna may bring a § 502(a)(3) claim to obtain equitable relief to enforce the terms of a plan. *Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614, 616, 621 (7th Cir. 2008); 29 U.S.C. § 1132(a)(3). Further, a claim fiduciary may proceed under § 502(a)(3)(B) to obtain reimbursement of overpaid benefits. *Gutta*, 530 F.3d at 616, 621 (disability insurer allowed to assert equitable lien by agreement under § 502(a)(3) against participant whose benefits should have been offset against benefits received under other group insurance); *see also Weitzenkamp v. Unum Life Ins. Co. of Am.*, 661 F.3d 323, 332 (7th Cir. 2011). The plans Cigna administers specifically entitle it to recover overpayments that have been made under a plan. (Cplt. (Doc. #1) ¶64; Plan document (Doc. #1-1) at 42). CMIS became subject to those overpayment provisions by taking an assignment of each patient's benefits. *Kennedy v. Connecticut General Life Insurance Co.*, 924 F.2d 698, 700 (7th Cir. 1991) (provider with assignment was beneficiary under ERISA and could sue under ERISA § 502(a)(1)(B)). Therefore, consistent with the plan' overpayment terms and Seventh Circuit law, Cigna has stated a valid claim against CMIS to recover the benefits it received under § 502(a)(3).

131123115v1 0962907

Respectfully submitted:

Connecticut General Life Insurance Company, incorrectly sued as Cigna Healthcare of Illinois, Inc.

By: /s/Peter E. Pederson
    One of its Attorneys

Daniel K. Ryan
Peter E. Pederson
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000 (phone)
312-704-3001 (facsimile)
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on July 24, 2015, he e-filed this document through the Court's CM/ECF system, which will cause a copy of the document to be served on counsel of record identified below.

Douglas L. Prochnow, Esq.
douglas.prochnow@faegrebd.com
Faegre Baker Daniels LLP
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606
D: +1 312 356 5112 | F: +1 312 212 6501

    /s/ Peter E. Pederson

131123115v1 0962907