IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>    **Plaintiffs-Counterclaim-Defendants,**<br><br>v.<br><br>SOUTHWEST SURGERY CENTER, LLC, d/b/a Center for Minimally Invasive Surgery,<br><br>    **Defendant-Counterclaimant.** | )<br>)<br>)<br>)<br>)   Case No. 14-cv-08777<br>)<br>)   District Judge John Robert Blakey<br>)<br>)   Magistrate Judge Brown<br>)<br>)<br>)<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO CMIS'S MOTION TO DISMISS

Plaintiffs-Counterclaim Defendants, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company ("collectively, "Cigna"), submit a recent decision of the United States District Court for the District of Connecticut in *Connecticut General Life Ins. Co., et al. v. True View Surgery Center One, LP, et al.*, 3:14-cv-1859 (AVC) (D. Conn. August 31, 2015) (attached as Ex. A), as supplemental authority in opposition to the motion dismiss filed by Southwest Surgery Center, LLC, d/b/a Center for Minimally Invasive Surgery ("CMIS"). (Doc. #14).

1. In *True View*, Cigna entities brought claims against True View Surgery Center One, LP ("True View") and several affiliated ambulatory surgical centers ("ASC") based on factual allegations that are related to those in Cigna's complaint here. In both cases, Cigna alleges that out-of-network ASCs engaged in fraudulent "fee-forgiving" schemes whereby they charged patients little or nothing for out-of-network medical services, while charging Cigna and its plans exorbitant rates for those same services. As in this case, in *True View*, Cigna alleged

that it paid the out-of-network ASCs significant sums in reliance on their submission of fraudulent reimbursement claims that did not disclose their waiver of the cost share requirements and overstated their actual costs and actual charges for treating Cigna plan members. (*See* Ex. A at 5; Cigna's complaint in this action, Doc. #1, ¶37). In both cases, Cigna contends that no reimbursements were due to the ASCs for their services because the patients' benefit plans afford coverage only for covered expenses, which are defined as charges for which plan members are personally liable, and the plan members were not personally liable for any of the ASCs charges due to their fee-forgiving practices.

2. As in this case, in *True View*, Cigna alleged that the sums the ASCs received constituted overpayments under its patients' plans and that the ASCs were required to make restitution of these overpayments under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). As CMIS has done here (Doc. #14 at 2-7, 8-9 of 16), the ASCs in *True View* moved to dismiss, arguing that Cigna did not have constitutional standing because the plans were employer-funded and Cigna did not have statutory standing because it was not an ERISA fiduciary. The court rejected each of these arguments. (Ex. A at 9-13). The ASCs also alleged that the recoupment claim sought money damages and therefore it was not an equitable claim that could be brought under ERISA § 502(a)(3). The court rejected this argument because the plan terms entitled Cigna to recoup overpayments from persons to whom they were made, and Cigna could therefore impose an equitable lien by agreement or by assignment on the overpayments received by the ASCs. (Ex. A at 18-19 (citing *Sereboff v. Mid Atlantic Med. Servs.*, 547 U.S. 356, 364-65 (2006)).

3. Like CMIS in this case (Doc. #14 at 10 of 16), the ASCs in *True View* argued that Cigna's recoupment claim was an adverse benefit determination and barred by the exhaustion doctrine because Cigna had not complied with the notice and appeal requirements of the claims

procedure regulation, 29 C.F.R. § 2560.503-1. (Ex. A at 19-20). The *True View* court rejected this argument because "Cigna's claim for reimbursement of overpayments is not an adverse benefit determination" under ERISA and the regulations. (Ex. A at 20-21).

4. The *True View* court further found that Cigna had pleaded the elements of a common-law fraud claim with the particularity required by Rule 9 (Ex. A at 23-28), and that this claim was not preempted by ERISA. (Ex. A at 28-29).

Respectfully submitted:

Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company

By:   /s/Peter E. Pederson
      One of its Attorneys

Daniel K. Ryan
Peter E. Pederson
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000 (phone)
312-704-3001 (facsimile)
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on September 2, 2015, he e-filed this document through the Court's CM/ECF system, which will cause a copy of the document to be served on counsel of record identified below.

Douglas L. Prochnow, Esq.
douglas.prochnow@faegrebd.com
Faegre Baker Daniels LLP
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606
D: +1 312 356 5112 | F: +1 312 212 6501


    /s/ Peter E. Pederson

131154324v1 0963977