IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>      **Plaintiffs-Counterclaim-Defendants,**<br><br>v.<br><br>SOUTHWEST SURGERY CENTER, LLC, d/b/a Center for Minimally Invasive Surgery,<br><br>      **Defendant-Counterclaimant.** | Case No. 14-cv-08777<br><br>District Judge John Robert Blakey<br><br>Magistrate Judge Brown |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO CMIS'S MOTION TO DISMISS

Plaintiffs-Counterclaim Defendants, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company ("collectively, "Cigna"), submit a recent decision of the United States District Court for the Eastern District of Texas in *Connecticut General Life Ins. Co., et al. v. Texas Spine and Joint Hospital, Ltd.*, 6:14-cv-0765 (E.D. Tex. September 10, 2015) (attached as Ex. A), as supplemental authority in opposition to the motion dismiss filed by Southwest Surgery Center, LLC, d/b/a Center for Minimally Invasive Surgery ("CMIS"). (Doc. #14).

1.    In *Texas Spine*, Cigna entities brought claims against Texas Spine and Joint Hospital ("Texas Spine") based on factual allegations similar to those in Cigna's complaint here. Specifically, Cigna alleged that Texas Spine was an out-of-network provider that discounted Cigna plan members' coinsurance and deductibles so that plan members were charged as if they had visited an in-network provider. At the same time, Texas Spine sought reimbursement from Cigna and the plans it administered by filing claims seeking the maximum reimbursable rates.

(Ex. A at 2). Cigna sued Texas Spine, alleging that the reimbursements Texas Spine received from the plans were overpayments that Cigna could recoup under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Cigna also asserted claims for fraudulent and negligent misrepresentation. (Ex. A at 3).

  2. Like CMIS here, Texas Spine moved to dismiss the ERISA claim, contending that Cigna was not an ERISA fiduciary. The court rejected this argument because Cigna alleged that it was responsible for "processing claims and adjudicating appeals of adverse benefit decisions," which was sufficient to "confer fiduciary status." (Ex. A at 5-6). Texas Spine moved to dismiss the claims for fraud and negligent misrepresentation, contending that Cigna failed to plead sufficient facts under Rules 9(b) and 12(b)(6). The court rejected these arguments because the complaint alleged that Texas Spine had misrepresented its charges for treating plan members through misleading claims that were submitted from 2011 to 2012. (Ex. A at 6-7). Cigna makes comparably detailed allegations here to support its claims for fraud and negligent misrepresentation.

131164409v1 0963977

Respectfully submitted:

Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company

By:    /s/Peter E. Pederson
      One of its Attorneys

Daniel K. Ryan
Peter E. Pederson
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000 (phone)
312-704-3001 (facsimile)
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 17, 2015, he e-filed this document through the Court's CM/ECF system, which will cause a copy of the document to be served on counsel of record identified below.

    Douglas L. Prochnow, Esq.
    douglas.prochnow@faegrebd.com
    Faegre Baker Daniels LLP
    311 S. Wacker Drive, Suite 4300
    Chicago, IL 60606
    D: +1 312 356 5112 | F: +1 312 212 6501

          /s/ Peter E. Pederson

131164409v1 0963977