# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and CIGNA HEALTH AND LIFE INSURANCE COMPANY** § § § § § | |
| | No. 6:14-cv-765 |
| **v.** § § | |
| **TEXAS SPINE AND JOINT HOSPITAL, LTD.** § § | |

## ORDER ON CROSS MOTIONS TO DISMISS

Currently before the Court are cross motions to dismiss filed by Plaintiffs Connecticut General Life Insurance and CIGNA Health and Life Insurance Company (collectively, Cigna) and Defendant Texas Spine and Joint Hospital, Ltd. The essential dispute in this case is whether Cigna is required to pay for medical services Texas Spine and Joint provided to Cigna insureds. The second dispute in this case is whether Cigna and Texas Spine and Joint have standing to assert their respective claims. Having considered the motions and the applicable law, the Court **DENIES** Texas Spine and Joint's motion (Doc. No. 5) and **GRANTS IN PART** and **DENIES IN PART** Cigna's motion (Doc. No. 11).

### I. Background

The Cigna Plaintiffs insure or administer services to employee health and welfare benefit plans. As a part of managing insurance plans, Cigna contracts with certain healthcare service providers, termed "in-network" providers, and agrees to pay set rates for services the providers render. Plan members may instead seek services from healthcare service providers who are "out-of-network," but because the lack of a contract between Cigna and these providers often results in higher rates, members pay a higher coinsurance amount for an out-of-network provider than

they would for an in-network provider. Thus, it is generally less expensive for both the plan member and Cigna if the plan member receives services from an in-network provider. The disparity in costs charged by in-network and out-of-network providers creates an incentive for plan members to seek services from in-network providers, and Cigna considers this incentive to be an integral part of its managed health care insurance model.

In this case, Cigna accuses Texas Spine and Joint of subverting that model. Specifically, Cigna contends that Texas Spine and Joint "forgives" out-of-network coinsurance by discounting its coinsurance rates so that Cigna plan members who obtain out-of-network services from Texas Spine and Joint are charged as if they had visited an in-network provider. In other words, Texas Spine and Joint writes off the difference between in-network benefits and out-of-network benefits that it should otherwise charge. Despite its mark down to Cigna's plan members, Texas Spine and Joint seeks reimbursement from Cigna under the members' insurance plans at the maximum reimbursable rate, which is often higher than it would be if Texas Spine and Joint were a member of Cigna's network.

Cigna alleges that the plans it insures or administers all contain restrictions that limit Cigna's obligation in some instances to pay benefits under the plans. Only one of these restrictions is relevant in this case, that being that Cigna is not obligated to pay for services if plan members were not billed for them pursuant to their plan.[1]

Starting in 2011 and continuing into 2012, Cigna audited the claims submitted by Texas Spine and Joint. Through the process of the audit, Cigna began suspecting that Texas Spine and

---

[1] The Court notes that the Fifth Circuit recently addressed nearly identical language in Cigna's plans in a similar case and observed that "[t]here are strong arguments that Cigna's plan interpretation is not 'legally correct.'" *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 196 (5th Cir. 2015). The Fifth Circuit did not, however, reach the merits of Cigna's interpretation of its plans.

Joint was attracting Cigna plan members by engaging in the fee-forgiving practice. After it became clear that Texas Spine and Joint was in fact forgiving coinsurance amounts, Cigna stopped paying Texas Spine and Joint for services rendered if a plan member's out-of-network coinsurance was forgiven. Cigna contends that Texas Spine and Joint's fee-forgiveness implicates the exclusion described above. Specifically, it contends that Texas Spine and Joint improperly sought reimbursement from Cigna under its insurance plans because by engaging in the fee-forgiving practice, Texas Spine and Joint did not hold plan members responsible for their coinsurance obligations as is required by Cigna's policies.

Cigna filed suit on behalf of both the plans it insures and those it administers to recover the amounts it alleges it paid to Texas Spine and Joint prior to Cigna's discovery of the fee forgiving practice. Cigna asserts a claim brought pursuant to ERISA to recoup these alleged overpayments, as well as several claims arising under Texas law, including fraud and negligent misrepresentation.

Texas Spine and Joint denies Cigna's allegations and also asserts counterclaims stemming from Cigna's decision to not pay claims submitted by Texas Spine and Joint. It seeks payment for those claims based on assignments given by Cigna insureds authorizing Texas Spine and Joint to seek payment. Several of these counterclaims also arise under ERISA, while others, including negligent misrepresentation, quantum meruit, Texas Insurance Code violations, and equitable estoppel, are brought pursuant to Texas law.

Both parties contend that the Court lacks jurisdiction to hear the other's ERISA claims because neither party is bringing suit as a fiduciary of or participant in an employee benefit plan. As to the state law claims, each party asserts the other's were not properly pleaded.

## II. Legal Standard

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). Stated differently, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Analysis

### A. Texas Spine and Joint's Motion to Dismiss

Texas Spine and Joint first contends that Cigna lacks standing to bring its ERISA claims. Second, Texas Spine and Joint argues that Cigna has not adequately pleaded its fraud and negligent misrepresentation claims. The Court takes up each argument in turn.

#### 1. Standing

Only certain individuals may invoke federal jurisdiction under ERISA—namely, "any 'participant, beneficiary, or fiduciary.'" *See Humana Health Plan, v. Nguyen*, 785 F.3d 1023,

1026 (5th Cir. 2015) (quoting 29 U.S.C. § 1132(a)(3)). For the purpose of Texas Spine and Joint's motion, the only dispute is whether Cigna qualifies as an ERISA fiduciary.

"An ERISA fiduciary includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration." *Pacificare Inc. v. Martin*, 34 F.3d 834, 837 (9th Cir. 1994) (citing *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987)). The Court "gives the term fiduciary a liberal construction in keeping with the remedial purpose of ERISA." *Am. Fed'n of Unions v. Equitable Life Assurance Soc'y*, 841 F.2d 658, 662 (5th Cir. 1988); *see Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 417 (5th Cir. 1990). And whether the individual qualifies as a fiduciary is an objective inquiry; the individual's subjective beliefs are irrelevant. *Reich v. Lancaster*, 55 F.3d 1034, 1046 (5th Cir. 1995); *Farm King Supply, Inc. Integrated Profit Sharing Plan & Trust v. Edward D. Jones & Co.*, 884 F.2d 288, 292 (7th Cir.1989).

Texas Spine and Joint contends that Cigna has not established that it is bringing this suit as a fiduciary for the plans it administers. Texas Spine and Joint bases its contention largely on the fact that Cigna did not attach the plans it administers to the complaint, which would allow the Court to assess whether each plan grants Cigna fiduciary status.

But at the pleading stage, the Court need not scour insurance contracts to determine whether Cigna acts as a fiduciary. Instead, the Court may look to the allegations found in the complaint and assess whether Cigna makes allegations sufficient to invoke this Court's jurisdiction. *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1161–1162 (5th Cir. 1989).

Upon review of the pleadings, Cigna properly alleges that it is a fiduciary of the plans it administers. Specifically, Cigna describes the actions it is authorized to take, such as processing

claims and adjudicating appeals of adverse benefits decisions by plan members. (Doc. No. 1 ¶ 14). Those actions confer fiduciary status to plan administrators. *See Varity Corp. v. Howe*, 516 U.S. 489, 511–12 (1996). Indeed, this Court has previously found that Cigna acted as a fiduciary in bringing claims nearly identical to those in this case. *Connecticut Gen. Life Ins. Co. v. Ambulatory Health Sys., LLC*, No. 4:12-cv-535, 2013 WL 1003495, at *2 (E.D. Tex. Mar. 13, 2013). Accordingly, the Court finds that Cigna has adequately pleaded its fiduciary status.

### 2. Fraud and Negligent Misrepresentation Claims

Texas Spine and Joint moves to dismiss Cigna's fraud and negligent misrepresentation claims on two grounds. The first is that they are not pleaded with particularity in accordance with Federal Rule of Civil Procedure 9(b). The second is that they are time barred under the applicable statute of limitation.

#### a. Particularity

Pursuant to Federal Rule of Civil Procedure 9(b), claims alleging fraud must be pleaded with particularity. To satisfy the particularity requirement, the pleader must lay out "the who, what, when, where, and how" of the fraud. *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). And although Rule 9(b) does not, by its terms, apply to negligent misrepresentation claims, the heightened pleading standard applies when, as here, a negligent misrepresentation claim is based on the same set of facts as a fraud claim. *See Benchmark Elec. Capital Corp. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003).

Texas Spine and Joint argues that Cigna's pleadings lack the level of particularity necessary to substantiate their fraud and negligent misrepresentation claims. But a review of Cigna's complaint reveals that it sufficiently sets out the who, what, when, where, and how of the alleged misrepresentation. It alleges that Texas Spine and Joint (who), falsely, or at least

negligently, represented to Cigna that Texas Spine and Joint was charging the appropriate out-of-network rates to plan members (what), between 2011 and 2012 (when), in Tyler, Texas (where), by submitting claims for reimbursement from Cigna at the higher out-of-network rates (how). (Doc. No. 1 ¶ 67–74). Based on these alleged facts, the Court finds that Cigna's fraud and negligent misrepresentation claims are pleaded with the requisite level of particularity. *Benchmark*, 343 F.3d at 724.

### b. Statute of Limitations

In order to avoid the applicable statutes of limitation on its claims, Cigna invokes the discovery rule. Under Texas law, a four-year statute of limitations applies to fraud claims. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). Negligent misrepresentation claims under Texas law are governed by a two-year limitations period. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). In fraud cases, the discovery rule tolls the running of the statute of limitation until the time the plaintiff reasonably should have discovered the fraud. *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001). Cigna alleges that between 2011 and 2012 it undertook the precise investigation necessary to uncover the alleged fraud. Cigna further alleges that once it concluded that—based on its investigation—Texas Spine and Joint was misrepresenting the circumstances giving rise to its reimbursement claims, Cigna stopped paying them. As pleaded, these actions are sufficient to invoke the discovery rule.

The Court notes, however, that neither party provides a concrete date identifying when the investigation took place. In view of the two-year statute of limitation applicable to Cigna's negligent misrepresentation claim, the date Cigna determined Texas Spine and Joint had made the alleged misrepresentations is critical because Cigna brought this case in September of 2014. Additionally, it is unclear whether the discovery rule even applies to claims of negligent

misrepresentation in Texas. *Compare Sabine Towing & Transp. Co. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 61 (Tex. App.—Texarkana 2001, pet. denied) (concluding that under *HECI Exploration Co. v. Neel*, 982 S.W.2d 881 (Tex. 1998), the discovery rule should be applied to negligent misrepresentation claims), *and Matthiessen v. Schaefer*, 27 S.W.3d 25, 31 (Tex. App. 2000) (applying the discovery rule to a negligent misrepresentation cause of action), *with Kansa Reinsurance Co. v. Cong. Mortgage Corp.*, 20 F.3d 1362, 1372–73 (5th Cir. 1994) (holding that the discovery rule does not apply to negligent misrepresentation actions in Texas). But neither party has raised these issues. Accordingly, the Court **DENIES** Texas Spine and Joint's motion to dismiss on the statute of limitation issue because further factual development is necessary to determine when Cigna's cause of action accrued—even under the discovery rule. *See* Fed. R. Civ. P. 12(i). If necessary, Texas Spine and Joint may revisit this issue on summary judgment with the appropriate briefing.

  B. **Cigna's Motion to Dismiss**

Cigna focuses its motion to dismiss on the counterclaims asserted in Texas Spine and Joint's answer. These include: Count One – Negligent Misrepresentation; Count Two – Quantum Meruit; Count Three – Texas Insurance Code Violations; Count Four – Violation of ERISA § 502(c)(1)(B); Count Five – Claim for Plan Benefits Pursuant to ERISA § 502(a)(1)(B); Count Six – Breach of Fiduciary Duty, ERISA §§ 404(a) and 502(a)(3); and Count Seven – Equitable Estoppel. Cigna seeks dismissal of Texas Spine and Joint's counterclaims on three grounds. The first is that Texas Spine and Joint did not allege that it obtained assignments from Cigna plan members, and thus, lacks standing to pursue its claims. The second is that some of Texas Spine and Joint's state law claims are preempted. And the third is that Texas Spine and Joint did not plead facts that make its claims plausible.

1. **Standing**

Cigna seeks dismissal of Counts II–VI of Texas Spine and Joint's Counterclaims on the grounds that Texas Spine and Joint did not allege that it is a valid assignee of all of Cigna's plan members. Without this allegation, Cigna contends Texas Spine and Joint cannot stand in the shoes of Cigna's plan members and bring claims to recover benefits owed under Cigna's insurance plans.

Recently, the Fifth Circuit held that a medical provider who has an assignment from plan members has standing to bring claims to recover benefits under members' plans. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191–193 (5th Cir. 2015). In view of that holding, Texas Spine and Joint has sufficiently pleaded standing in this case if it alleged it was the assignee of Cigna's plan members. *See id.*

Viewing Texas Spine and Joint's allegations in the light most favorable to it (as the Court must), the Court finds Texas Spine and Joint sufficiently alleged the assignments. Specifically, Texas Spine and Joint alleged that it was the assignee of the plan members. (Doc. No. 7 ¶ 81–84). Although Cigna is correct that Texas Spine and Joint does not allege that its status as assignee pertains to each and every Cigna plan member, at the pleading stage, the Court finds Texas Spine and Joint's allegation sufficient. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

2. **Preemption**

Of the counterclaims asserted by Texas Spine and Joint, the Fifth Circuit has held that two are preempted by ERISA. Both Texas Spine and Joint's Texas Insurance Code claim (Count III) and its quantum meruit claim (Count II) are "based directly on the benefits described in its patients' ERISA plans." *N. Cypress*, 781 F.3d at 201 (holding that the Texas Insurance Code

prompt-payment provision was preempted by ERISA); *see also Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 387 (5th Cir. 2011) (5th Cir. 2012) (holding that quantum meruit claims "run afoul of Congress's intent that the causes of action created by ERISA be the exclusive means of enforcing an ERISA plan's terms."). Accordingly, the Court **GRANTS** Cigna's motion to dismiss Counts II and III of Texas Spine and Joint's counterclaims because they are preempted by ERISA.

### 3. Plausibility

Of the remaining counts, Cigna contends that Texas Spine and Joint has not properly pleaded its negligent misrepresentation claim (Count I) or its equitable estoppel claim (Count VII). The Court will address each claim in turn.

#### a. Negligent Misrepresentation

Texas Spine and Joint alleges that it received preauthorization from Cigna regarding the costs of treatment, and that it relied on the preauthorization before providing medical treatment to Cigna plan members. Cigna contends these facts are too threadbare to plausibly plead negligent misrepresentation.

Much like Cigna's fraud and negligent misrepresentation claims, Texas Spine and Joint has also sufficiently pleaded its claim. Texas Spine and Joint alleges that upon its request, Cigna preauthorized treatment for Cigna plan members as being covered under their respective policies based on Cigna's review of those policies, then refused to honor the preauthorizations when Texas Spine and Joint sought reimbursement. (Doc. No. 7 ¶ 128–133). Viewing these allegations in the light most favorable to Texas Spine and Joint, which the Court must, these facts sufficiently put Cigna on notice as to the conduct that forms the basis of these claims. *See In re*

*Katrina Canal Breaches Litig.*, 495 F.3d at 205. Accordingly, the Court **DENIES** Cigna's motion to dismiss this claim.

### b. Equitable estoppel

Cigna does not assert that Texas Spine and Joint's equitable estoppel counterclaim is *inadequately* pleaded, but seeks to dismiss the claim because Texas law does not recognize equitable estoppel as a standalone claim. The Court, however, perceives a more fundamental issue in this case: whether equitable estoppel is preempted by ERISA in this case. *See Foley v. Sw. Texas HMO, Inc.*, 226 F. Supp. 2d 886, 901 (E.D. Tex. 2002). Accordingly, the Court **DENIES** Cigna's motion to dismiss the equitable estoppel counterclaim (Count VII). Cigna may seek to dismiss this counterclaim on summary judgment, but the Court will require both parties to submit briefing on whether equitable estoppel is preempted by ERISA.

### IV. Conclusion

For the reasons stated more thoroughly above, the Court **DENIES** Texas Spine and Joint's motion (Doc. No. 5) and **GRANTS IN PART** and **DENIES IN PART** Cigna's motion (Doc. No. 11).

It is SO ORDERED.

SIGNED this 8th day of September, 2015.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE